**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION**

| | |
|---|---|
| BRUMATE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UAB HAUTICA d/b/a BURGA,<br><br>Defendant. | Civil Action No. 1:26-cv-2547<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff BruMate, LLC ("Plaintiff") files this Complaint against Defendant UAB Hautica d/b/a BURGA ("Defendant") for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

## THE PARTIES

1. Plaintiff is a Delaware limited liability company with its principal address at 874 Walker Road, Suite C, Dover, DE 19904.

2. Defendant UAB Hautica is a private limited liability company organized and existing under the laws of Lithuania that conducts business under the BURGA name and brand. UAB Hautica has Lithuanian company code 304140967 and an address at Mosėdžio g. 32, Skuodo r. sav., Skuodo sen., LT-98289 Daukšiu k., Lithuania.

## JURISDICTION AND VENUE

3. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant is subject to personal jurisdiction in Indiana and in this judicial district because Defendant purposefully directs commercial activities toward Indiana residents, including by operating an online storefront through which Indiana consumers can purchase the Accused Product (defined in Paragraph 15 below), accepting orders for shipment to Indiana, and shipping BURGA products directly into Indiana.

5. Plaintiff, through its counsel, placed two orders through Defendant's BURGA online storefront, https://burga.us, for the Accused Product, for delivery to Indianapolis, Indiana, USA. Defendant accepted both orders and shipped the products to the designated Indianapolis delivery address. The order numbers were USABU563253 (ordered on July 29, 2025) and BUSA103289 (ordered on September 10, 2026). Defendant thereafter shipped those products from Lithuania to Indianapolis. The packages received in Indianapolis identified the senders as Burga at Gaižiūnų g. 5-423, 50129 Kaunas, Kauno m. sav., Lithuania, and as UAB Hautica at Inžinierių g. 6, 54460 Sergeičikai I, Kauno r. sav., Lithuania.

6. Defendant continues to offer the Accused Product for sale to consumers in the United States, including consumers located in Indiana and this judicial district. Plaintiff's infringement claims arise out of and relate to Defendant's purposeful commercial activities directed to the United States and Indiana, including Defendant's current offer for sale and sale of the same Accused Product to U.S. consumers.

7. Alternatively, to the extent Defendant is not subject to personal jurisdiction in any state's courts of general jurisdiction, Defendant is subject to this Court's personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law, and Defendant has purposefully directed commercial activities toward the United States, including

offering, selling, and shipping the Accused Product to United States customers. Exercising jurisdiction is consistent with the United States Constitution and laws.

8. Venue is proper in this judicial district because Defendant is a foreign entity not resident in the United States and therefore may be sued in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349, 1354-60 (Fed. Cir. 2018).

## FACTUAL BACKGROUND

9. Plaintiff is in the business of designing and distributing insulated beverage containers and related drinkware products.

10. U.S. Patent No. 12,686,551 (the "Patent"), titled "No Spill Straw," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 21, 2026. The Patent is and remains valid and enforceable.

11. Plaintiff is the owner by assignment of the entire right, title, and interest in and to the Patent, including the sole and undivided right to sue for infringement. A true and correct copy of the Patent is attached hereto as Exhibit A.

12. Claims 1-19 of the Patent are directed to a lid structure for a beverage container or a beverage container comprising such a lid structure. The claimed lid structure includes a body portion defining an engagement cavity and a first opening offset from a central axis, together with a removably coupled straw mechanism having a bottom portion and a spout portion, wherein the straw mechanism is rotatable relative to the body portion between an open state permitting fluid flow and a closed state in which the first opening is blocked to inhibit fluid flow. Claim 20 separately claims a method of assembling a lid structure by providing the specified body portion

and straw mechanism and inserting the straw mechanism into the engagement cavity to establish the claimed mechanical engagement and rotatable relationship.

13. The lid structure is described and depicted throughout the Patent, including within FIG. 1 of the Patent, reproduced below (in part):




14. Plaintiff currently sells its Era® branded tumblers (the "Era Product"), which incorporate a lid structure consistent with the scope of the Patent, as depicted below:



15. Defendant has marketed, offered to sell, sold, and imported into the United States, and continues to market, offer to sell, sell, and import into the United States, a product promoted

as the All Day Leakproof Tumbler (the "Accused Product"). Defendant's sale, offer for sale, and importation of the Accused Product infringe claims 1-19 of the Patent as further described below and in Exhibit B. Defendant's infringement of method claim 20 is separately alleged below. A representative view of the lid structure of the Accused Product obtained from Defendant is depicted below:



16. Defendant markets and sells the Accused Product through a U.S.-directed online storefront. Defendant's website permits U.S. consumers, including Indiana consumers, to select the Accused Product, select a Leakproof Straw configuration, pay in U.S. dollars, and arrange delivery to an address in the United States.

17. Plaintiff, by way of its counsel, obtained a representative Accused Product through Defendant's online storefront (order number BUSA103289, ordered on September 10, 2026). The order confirmation identifies the product as an "Archives – All Day Leakproof Tumbler – 40oz / Leakproof Straw." The order was accepted for shipment to Indianapolis, Indiana, USA.

18. The representative Accused Product was received in Indianapolis in a package identifying BURGA as the sender from Kauno, Lithuania. Defendant's direct shipment of BURGA

products from Lithuania to U.S. customers is consistent with Defendant's role in importing and selling its products into the United States.

19. The Patent describes a mechanism whereby the straw mechanism can be removably coupled to the lid body and rotated relative to the body portion between an open state permitting fluid flow and a closed state that blocks the first opening to inhibit fluid flow. The Era Product and the Accused Product each incorporate this patented mechanism.

20. The Accused Product satisfies the limitations of claims 1-19 of the Patent. With regard to Claim 1 in particular, the Accused Product comprises: (a) a body portion having a top side that defines an engagement cavity and a first opening offset from a central axis of the body portion, the first opening being in fluid communication with an interior volume of the beverage container; and (b) a straw mechanism configured to be removably coupled to the body portion, the straw mechanism including a bottom portion configured to mechanically engage the engagement cavity and a spout portion having a distal end surface that defines a second opening or cutout region offset from the central axis, wherein the straw mechanism is rotatable relative to the body portion between an open state in which the second opening or cutout region is aligned with the first opening so that fluid may pass from the container interior to the spout portion, and a closed state in which the first opening is blocked to inhibit fluid flow.

21. The Accused Product also satisfies the limitations of independent claim 10. It includes a base structure defining an interior volume and a lid structure configured to couple to that base structure. The lid structure includes a body portion, straw mechanism, openings, and mechanical and fluid relationships required by claim 10, as further detailed in Exhibit B.

22. The Accused Product further includes the additional structures and relationships recited in dependent claims of the Patent, including cooperating notches and protrusions that

enable rotational movement of the straw mechanism, stop elements that limit rotation, a frame portion supporting the spout portion and bottom portion, visual open/closed indicators, a vent opening that is selectively sealed and unsealed, a straw connection port configured to removably secure a detachable straw, and retention features configured to resist removal of the straw mechanism from the body portion.

23. Exhibit B maps the structures of the Accused Product to the limitations of claims 1-19 and separately identifies the assembly acts corresponding to the steps of claim 20.

24. On September 23, 2026, Plaintiff's counsel emailed Defendant correspondence identifying the Patent and notifying Defendant that the Accused Product infringes the Patent. Plaintiff's counsel received multiple responses that day, including a response referring to review of the correspondence by Defendant's legal team. Despite receiving that notice, Defendant has continued to advertise and offer the Accused Product for sale to customers in the United States, including through its BURGA online storefront.

**COUNT I: INFRINGEMENT OF CLAIMS 1-19 OF THE PATENT**

25. Plaintiff incorporates by reference the foregoing paragraphs and re-alleges them as if stated herein.

26. Defendant has infringed, and continues to infringe, claims 1–19 of the Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), by selling and offering to sell the Accused Product within the United States and importing the Accused Product into the United States, without Plaintiff's authorization.

27. Defendant's infringement of the Patent has directly caused and continues to cause substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits and, at a minimum, a reasonable royalty.

28. Defendant's continuing infringement has caused and threatens to continue causing irreparable harm to Plaintiff for which monetary damages alone are inadequate. Unless enjoined, Defendant will continue its infringing conduct.

**COUNT II: INFRINGEMENT OF CLAIM 20 OF THE PATENT**

29. Plaintiff incorporates by reference the foregoing paragraphs and re-alleges them as if stated herein.

30. On information and belief, based on inspection of the Accused Product's assembled lid and its removable straw mechanism, the lids incorporated into the Accused Products imported and sold by Defendant are assembled by providing the body portion and straw mechanism and inserting the straw mechanism into the engagement cavity in the manner required by claim 20, as further explained in Exhibit B.

31. On information and belief, Defendant has imported into the United States, and sold and offered to sell within the United States, Accused Products incorporating lids assembled by the method of claim 20 on or after July 21, 2026, without Plaintiff's authorization. Those acts infringe claim 20, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(g).

32. The assembled lid is a substantial and essential component of the Accused Product, and its incorporation into the Accused Product does not materially change the lid made by the claimed process.

33. Defendant's infringement has caused and continues to cause monetary harm to Plaintiff, including lost profits and, at a minimum, a reasonable royalty, in an amount to be proven at trial.

34. Defendant's continuing infringement has caused and threatens to continue causing irreparable harm to Plaintiff for which monetary damages alone are inadequate. Unless enjoined, Defendant will continue its infringing conduct.

**COUNT III: WILLFUL INFRINGEMENT AND ENHANCED DAMAGES**

35. Plaintiff incorporates by reference the foregoing paragraphs and re-alleges them as if stated herein.

36. Defendant received actual knowledge of the Patent and Plaintiff's infringement allegations on September 23, 2026, as described above.

37. Defendant will also have actual knowledge of the Patent and Plaintiff's allegations that the Accused Product infringes the Patent no later than service of this Complaint.

38. Despite receiving that notice, Defendant has continued to advertise and offer the Accused Product for sale in the United States. On information and belief, Defendant's continued infringement after receiving notice of the Patent and the identified infringement has been deliberate and intentional.

39. To the extent Defendant continues its infringing conduct after receiving actual notice of the Patent and Plaintiff's infringement allegations, Defendant's continued infringement is knowing, intentional, and willful.

40. Plaintiff seeks enhanced damages under 35 U.S.C. § 284 based on Defendant's willful infringement, in an amount to be determined in the Court's discretion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment in its favor granting the following relief:

a. A finding that Defendant has directly infringed one or more of claims 1-19 under 35 U.S.C. § 271(a) and claim 20 under 35 U.S.C. § 271(g), literally or under the doctrine of equivalents;

b. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's infringement of one or more claims of the Patent, including lost profits and/or a reasonable royalty, together with both pre-judgment and post-judgment interest and costs as fixed by the Court;

c. A finding, to the extent established by the evidence, that Defendant's continued infringement after notice of the Patent has been willful;

d. An increase in the damages to be awarded to Plaintiff up to three times the amount found by the jury or assessed by the Court to the extent permitted by 35 U.S.C. § 284;

e. A declaration, to the extent warranted by the facts established in this action, that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Plaintiff's reasonable attorney fees incurred in connection with the litigation;

f. An order preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, and attorneys, and those persons acting in active concert or participation with them who receive actual notice of the injunction, from committing further acts of infringement of the Patent, including using, offering to sell, or selling in the United States, or importing into the United States, the Accused Product; and

g. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 23, 2026

Respectfully submitted,

s/Bradley M. Stohry
Bradley M. Stohry
Mark C. Reichel
REICHEL STOHRY DEAN LLP
6151 Central Avenue
Indianapolis, IN 46220
p: (317) 501-2891
f: (317) 454-1349
brad@rsindy.com
mark@rsindy.com